Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
MARK ANDREW MASELLI

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MARK ANDREW MASELLI,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br><br>LEGAL RECOVERY LAW OFFICES, INC., a California corporation; and ANDREW PAUL RUNDQUIST, individually and in his official capacity,<br><br>　　　　　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq*.<br>California Civil Code § 1788 *et seq*. |

Plaintiff, MARK ANDREW MASELLI, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### I.  INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

　　a.　There is abundant evidence of the use of abusive, deceptive and unfair debt

collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

  3. Plaintiff also seeks actual damages, statutory damages, statutory penalties, attorney fees and costs for Defendant, LEGAL RECOVERY LAW OFFICES, INC.'s, violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. (hereinafter "RFDCPA"), which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices.

  4. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system

and sound extensions of credit to consumers.[1]

## II.  JURISDICTION

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III.  VENUE

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

8. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V.  PARTIES

9. Plaintiff, MARK ANDREW MASELLI (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

10. Defendant, LEGAL RECOVERY LAW OFFICES, INC. (hereinafter "LRLO"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 5030 Camino de la Siesta, Suite 340, San Diego, California  92108.  LRLO may

---
[1] Cal. Civil Code § 1788.1(a)(1).

be served at the address of its Agent for Service of Process at: Legal Recovery Law Offices, Inc., c/o Richard Sitter, Agent for Service of Process, 5030 Camino de la Siesta, Suite 340, San Diego, California 92108.  The principal purpose of LRLO is the collection of defaulted consumer debts due or alleged to be originally due another.  LRLO is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet.  LRLO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

11. Defendant, ANDREW PAUL RUNDQUIST (hereinafter "RUNDQUIST"), is a natural person and licensed attorney in the state of California and is or was an employee and/or agent of LRLO at all relevant times.  RUNDQUIST may be served at his current business address at:  Andrew Paul Rundquist, Legal Recovery Law Offices, Inc., 5030 Camino de la Siesta, Suite 340, San Diego, California 92108.  The principal purpose of RUNDQUIST's business is the collection of defaulted consumer debts due or alleged to be originally due another.  RUNDQUIST is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet.  RUNDQUIST is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

12. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

13. On or about October 10, 2003, Plaintiff incurred a financial obligation, namely a

consumer credit account issued by Wells Fargo Bank, N.A. (hereinafter "the debt"). The debt was incurred primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

14. Thereafter, Plaintiff experienced financial hardship and was unable to repay the debt.

15. Plaintiff is informed and believes, and thereon alleges, that on or about February 28, 2011, the debt was sold, assigned, or otherwise transferred from Wells Fargo Bank, N.A., to Portfolio Recovery Associates, LLC, for collection from Plaintiff.

16. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed, or otherwise transferred to Defendants for collection from Plaintiff.

17. On or about January 30, 2013, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Santa Clara County captioned *Portfolio Recovery Associates, LLC v. Mark A. Maselli, et al.*, Case No. 1-13-CV-240511 (hereinafter the "*PRA v. Maselli* complaint"), which sought to collect $6,446.71 in damages.

18. A true and accurate copy of the *PRA v. Maselli* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

19. The *PRA v. Maselli* complaint (Exhibit "1") claimed that within the past four years, Maselli had become indebted to Wells Fargo Bank, N.A., for breach of contract and for an account stated in writing.

20. The California statute of limitations to recover on a debt is four years from the last item on the account.[2]

---
[2] Cal. Code of Civil Procedure § 337.

21. Plaintiff is informed and believes, and thereon alleges that the last charge on the debt was made by Plaintiff before January 29, 2009.

22. Plaintiff is informed and believes, and thereon alleges that the last payment on the debt was received by Wells Fargo Bank, N.A., prior to January 29, 2009.

23. Wells Fargo Bank, N.A.'s claims against Plaintiff accrued more than four years prior to the filing of the *PRA v. Maselli* complaint (Exhibit "1"). "A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt."[3]

24. The *PRA v. Maselli* complaint (Exhibit "1") misrepresented the character and legal status of the debt.

25. As a result of the *PRA v. Maselli* complaint (Exhibit "1"), Plaintiff was required to retain legal counsel at his own expense, thereby incurring actual damages in the form of attorney fees and costs.[4]

26. Despite actual knowledge that the *PRA v. Maselli* complaint (Exhibit "1") was filed several months after the applicable statute of limitations to lawfully file a lawsuit to collect the debt had expired, Defendants have engaged, and continue to engage, in a continuing pattern and course of conduct to prosecute Plaintiff in the state court action.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT
### (Against All Defendants)

27. Plaintiff brings the first claim for relief against all Defendants under the Fair Debt

---

[3] *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) (affirmed by *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011)).

[4] See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

28. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

29. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

30. Defendant, LRLO, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

31. Defendant, RUNDQUIST, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

32. The financial obligation owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

33. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

   a. Defendants made and used false, deceptive, and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

   b. Defendants misrepresented the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A); and

   c. Defendants attempted to collect a debt that is known by Defendants to be barred by the applicable statute of limitations, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692f and 1692f(1).

34. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

35. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

award of actual damages, statutory damages, costs, and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (Against LRLO Only)

36. Plaintiff brings the second claim for relief against Defendant, LRLO, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

37. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

38. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

39. Defendant, LRLO, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

40. The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

41. Defendant, LRLO, has violated the RFDCPA. The violations include, but are not limited to, the following:

   a. LRLO made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[5]

   b. LRLO misrepresented the character, amount or legal status of the debt, in violation of Cal. Civil Code § 1788.17;[6] and

   c. LRLO attempted to collect a consumer debt that was known by LRLO to be barred by the applicable statute of limitations, in violation of Cal. Civil Code § 1788.17.[7]

---

[5] 15 U.S.C. §§ 1692e and 1692e(10).
[6] 15 U.S.C. § 1692e(2)(A).
[7] 15 U.S.C. §§ 1692d, 1692e, 1695e(5), 1692f and 1692f(1).

42. Defendant, LRLO's, acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

43. As a result of LRLO's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

44. As a result of LRLO's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

45. As a result of LRLO's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.17.[8]

46. As a result of LRLO's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[9]

47. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f and 1692f(1);

c) Declare that Defendant, LRLO, violated the Rosenthal Fair Debt Collection Practices

---

[8] 15 U.S.C.§ 1692k(a)(2)(A).
[9] 15 U.S.C.§ 1692k(a)(3).

Act, Cal. Civil Code § 1788.17;

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty against LRLO in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages against LRLO in an amount not to exceed $1,000, pursuant to Cal. Civil Code § 1788.17;[10]

h) Award Plaintiff the costs of this action and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[11] and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
MARK ANDREW MASELLI

---

[10] 15 U.S.C. § 1692k(a)(2)(A).
[11] 15 U.S.C. § 1692k(a)(3).

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn<br>
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARK ANDREW MASELLI, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn<br>
Fred W. Schwinn, Esq.